**Clarissa MIRANDA–RODRIGUEZ, Carlos M. Torres–Santiago, and the conjugal partnership constituted by them, and Neisa Torres–Miranda, Plaintiffs,**

v.

**PONCE FEDERAL BANK, F.S.B. Formerly known as Ponce Federal Savings and Loan Association of Puerto Rico; Ramiro Colon as President of said co-defendant and personally; Jane Doe I and the conjugal partnership they have constituted; Andres Viñas, as Vice–President of said co-defendant and personally; Jane Doe II and the conjugal partnership they have constituted; Jose Alonso as Officer of said co-defendant, and personally John Doe I thru VI; Jane Doe III thru Jane Doe VIII, and the conjugal partnership they constituted with John Doe I thru VI, respectively, Defendants.**

**Civ. No. 89–0389RLA–CCC.**

United States District Court,
D. Puerto Rico.

Nov. 20, 1990.

Antonio Bauzá–Torres, Guaynabo, P.R., for plaintiffs.

Francisco A. Besosa and Danilo M. Eboli, Goldman, Antonetti, Ferraiuoli & Axtmayer, Santurce, P.R., for defendants.

## ORDER

CEREZO, District Judge.

This action alleging violations of 18 U.S.C. § 1962, Civil RICO, is before us on defendants' motion to dismiss (docket entry 28). On March 27, 1989 plaintiffs filed a civil action against defendants Ponce Federal Bank, F.B.S. (Ponce Federal), Ramiro Colón, and Andrés Viñas, alleging violations of various laws due to Clarissa Miranda–Rodríguez' allegedly retaliatory discharge for her cooperation with a federal government investigation. Plaintiffs' alleged that defendants had engaged in a pattern of racketeering activity by violating Title 31, U.S.Code § 5313 and 5322; violations for which Ponce Federal had pleaded guilty in a criminal case before this Court. On February 27, 1989, the Court granted defendants' motion to dismiss on claims filed under 31 U.S.C. § 5311 and 18 U.S.C. § 1956. Stating that the plaintiffs had failed to allege the required predicate acts to support a cause of action under the Racketeer Influenced and Corrupt Organizations Act, the Court gave plaintiffs a deadline by which to amend the complaint in order to adequately plead these claims. When the amended complaint was filed it contained additional defendants, and alleged an entirely different criminal activity to serve as a basis of the RICO claim. The defendants, excluding spouses and conjugal partnerships and unknowns, are the bank itself and various officials. This time, instead of banking violations, plaintiffs alleged a scheme of harassment, intimidation, "stigmatization as untrustworthy" and attempted bribery.

In their RICO case statement, repeatedly invoking the magic words "scheme to bribe, intimidate, obstruct and prevent Clarissa ... to cooperate [sic] with the Federal investigation," plaintiffs allege at least five violations of 18 U.S.C. § 1510(a) [1]

---

**1.** 18 U.S.C. § 1510(a) reads:

Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the com-

between July 1986 and March 1988.[2]

The allegations of predicate acts are still somewhat vague. Clarissa Miranda–Rodríguez alleges that she was continuously harassed in that she was reminded of a duty to be loyal to defendants; the desirability of misinforming the authorities with respect to the criminal investigation; the possibility of promotion or adverse consequences that would follow her actions; and her final discharge, for no reason she can think of other than her cooperation with the investigation.

Section 1964 of RICO, 18 U.S.C. § 1964 provides civil remedies to those persons injured in their business or property by the activities proscribed by Section 1962 of the Act. Plaintiffs have filed this RICO claim alleging injuries to Clarissa Miranda–Rodríguez' property interest in her employment due to the defendants' alleged retaliatory discharge which, it is claimed, was the culmination of violations of the provisions of Section 1962(c) and (d).

Section 1962(c) prohibits the operation of an "enterprise" through a "pattern of racketeering activity" which, in turn, requires the commission of at least two predicate acts. The Act in Section 1961(1)(B) describes racketeering activity, among others, as acts indictable under federal law, including Section 1510, which relates to the obstruction of criminal investigations.

Inasmuch as all but one of the predicate acts are too vague to specifically identify [3] we will not address what would normally be the first inquiry—whether the acts alleged constitute a pattern of racketeering activity.[4]

The facts, as stated in the amended complaint, indicate that defendant Ponce Federal, through some of the codefendants who were its officers, engaged in a money laundering scheme, in violation of Title 31 U.S.C. §§ 5313 and 5322, and for which the bank pleaded guilty on five criminal charges. It is alleged that during the course of the criminal investigation resulting in the indictment, the defendants violated 18 U.S.C. § 1510 through a scheme of harassing the plaintiff into misleading or not cooperating with the investigators. It is further alleged that as a result of this violation she was ultimately discharged.

Plaintiffs allege that defendants' actions violate 18 U.S.C. § 1962(c) and (d). Section 1962(c) states that:

[i]t shall be unlawful for any person employed by or associated with an *enterprise engaged in, or the activities of which affect, interstate or foreign commerce,* to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.... (Emphasis ours.)

Section 1962(d) makes it unlawful to conspire to violate Section 1962(c). It is immediately seen that the only enterprise mentioned which fits the description is Ponce Federal Bank, whose violations, according to the complaint, arise from its mail fraud related to money laundering activities. Plaintiff does not allege that her loss of property flows from those activities. We must, therefore, examine the facts to determine if there is another "enterprise." *Arguendo* that plaintiffs could amend their complaint to define additional, specified predicate acts, which could constitute a

---

munication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator shall be fined not more than $5,000, or imprisoned not more than five years, or both.

**2.** In both the original and amended complaints, plaintiffs set out a contradiction by stating that federal investigators did not interview Clarissa until 1988. Defendants have seized upon this date and argue that a maximum three-month period before she was discharged was not long enough to establish "a pattern of racketeering activity," choosing to totally ignore the contra-

dictory date of 1986 found elsewhere in the record. For the purposes of this motion to dismiss, however, we consider the two-year period of time which is more favorable to plaintiffs.

**3.** Only one specific predicate act is mentioned—that in March 1988 she was told to destroy some incriminating documents.

**4.** An additional opportunity to amend the complaint to provide more specific details would be academic. More serious flaws, as discussed *infra,* are dispositive of the RICO claim.

"pattern of racketeering activities," they would still need to show the existence of an "enterprise." The term "enterprise" must signify an association that is substantially different from the acts which form the "pattern of racketeering activity." *Superior Oil Co. v. Fulmer*, 785 F.2d 252, 258 (8th Cir.1986). Given the facts as pleaded by plaintiffs, the allegedly concerted activities of the defendants appear to have no purpose distinct from the alleged obstruction of the investigation. The plaintiffs have, therefore, failed to show the existence of an enterprise which engages in any activity, let alone a racketeering one.

 Moreover, plaintiffs have failed to show that they amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell*, 492 U.S. 229, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989). The Supreme Court has stated that:

> In our view, Congress had a more natural and commonsense approach to RICO's pattern element in mind, intending a more stringent requirement than proof simply of two predicates, but also envisioning a concept of sufficient breadth that it might encompass multiple predicates within a single scheme that amount to, or threaten the likelihood of, continued criminal activity.

*Id.* 109 S.Ct. at 2899. *See also Eastern Corporate Federal Credit Union v. Pete Marwick, Mitchell & Co.*, 639 F.Supp. 1532, 1534 (D.Mass.1986) ("The target of [RICO] is thus not sporadic activity.... In applying civil RICO, therefore, it is essential to identify threats of continuing criminal activity as opposed to isolated criminal events.")

Inasmuch as it is clear that defendants' alleged actions were directed at covering up the banking fraud violations, and do not reveal any independent enterprise carrying out or threatening continuing criminal activity, we find that the plaintiffs have failed to state a cause of action under civil RICO. There being no federal claim, there is no basis upon which we can entertain the remaining claims which all arise under state law. Accordingly defendants' Motion to Dismiss is therefore GRANTED.

SO ORDERED.